UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DANIEL CHAIREZ HERRERA, CDCR #V-79889,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden;<br>J. NGUYEN, Hygenist;<br>MARY ANN GYNN, Chief Executive Officer; SCOTT KERNAN, Director of CDCR; JOHN DOES 1-5;<br>JOHN DOES 6-10,<br><br>Defendants. | Case No.: 3:18-cv-01515-WQH-BGS<br><br>**ORDER:**<br><br>**1) DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS, APPOINT COUNSEL, AND FOR PRODUCTION OF DOCUMENTS WITHOUT PREJUDICE**<br>**[ECF Nos. 2, 3, 5]** |

Luis Daniel Chairez Herrera ("Plaintiff"), currently incarcerated at Ironwood State Prison, and proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 on July 2, 2018. *See* Compl. at 1, ECF No. 1. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). He has since filed a Motion to Appoint Counsel (ECF No. 3), and a Motion for Production of Documents (ECF No. 5).

1

## I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil rights complaint he filed on the same day in this Court, seeking the same relief, and naming the same defendants. *See Herrera v. Paramo, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01514-DMS-WVG (ECF No. 1) ("*Herrera I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and

2

3:18-cv-01515-WQH-BGS

internal quotations omitted). Because Plaintiff is prosecuting the identical claims presented in the instant action against the same defendants in *Herrera I*, the Court must sua sponte dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Proceed *In Forma Pauperis* (ECF No. 2), to Appoint Counsel (ECF No. 3) and for Production of Documents (ECF No. 5) are **DENIED** as moot and without prejudice to Plaintiff's pursuit of the same motions and claims against the same parties currently pending before Judge Sabraw in *Herrera v. Paramo, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01514-DMS-WVG.[1]

The Clerk shall close the file.

Dated: September 19, 2018

Hon. William Q. Hayes
United States District Court

---

[1] Judge Sabraw granted Plaintiff leave to proceed IFP in *Herrera I* on August 23, 2018, and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). *See Herrera I,* S.D. Cal. Civil Case No. 3:18-cv-01514-DMS-WVG (ECF No. 3). Judge Sabraw provided Plaintiff with notice of his pleading deficiencies, however, granted him 45 days leave to amend them, and provided a blank copy of the Court's form § 1983 Complaint for Plaintiff's use and convenience. *See id.* at 4-9.